UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| DANIEL P. KOPECKY, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> ACTING COMMISSIONER OF ) <br> SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | No. 14 cv 94 EJM <br><br> ORDER |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for disability benefits under Title II of the Social Security Act, 42 U.S.C.§ 416, 423. Briefing concluded February 11, 2015. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded.

Plaintiff asserts the Administrative Law Judge (ALJ) failed to give proper controlling weight to the opinion of plaintiff's treating physician. Plaintiff asserts that the Commissioner's decision is thus not supported by substantial evidence on the record as a whole.

[R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision...Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992).

The ALJ found that plaintiff suffered from back, neck and shoulder pain and problems resulting from a pacemaker, largely resulting from an automobile accident in which the plaintiff was involved on August 2010. The ALJ further found that plaintiff's

impairments did not meet or equal the Listings of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1, and thus plaintiff was not disabled and not entitled to benefits. (Tr. 21-29).

Upon review, it is the court's view that the ALJ failed to give appropriate weight to the opinion of the testifying treating physician, Dr. Stanley Mathew, M.D. Dr. Mathew opined that the plaintiff is greatly limited in his work-related activities and can sit for only two hours a day and can stand/walk for only two hours a day. (Tr. 442-448). In contrast, the ALJ found that plaintiff could sit for thirty minutes at a time for a total of six hours a day, and could stand and/or walk for thirty minutes at a time, for a total of six hours in a workday. (Tr. 19-20). This is a significant difference, on a medical question between a treating physician and a lay ALJ. There were other quite significant differences on medical questions between Dr. Mathew and the ALJ as well.

In evaluating a treating physician's medical opinion, the ALJ must give it "controlling weight", unless it clearly is inconsistent with the other substantial evidence in the case record, in which case it is still entitled to special deference. 20 C.F.R. § 404.1527(c)(2); Reed v. Barnhart, 399 F.3d 917 (8th Cir. 2005); Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003).

Defendant admits that the treating physician's medical opinion was given little or no weight, but justifies that by asserting that his opinion was not supported by the rest of the record. The ALJ gave several reasons for discounting Dr. Mathew's limitations. The first and primary reason given by the ALJ for rejecting Dr. Mathew's opinion was that it

2

was not supported or consistent with the substantial evidence in the case record. The ALJ points to

> For example, in June 2011, Dr. Mathew noted that the claimant had 5/5 muscle strength and that he had range of motion within functional limits. (Exhibit 23F, pages 12-13).

(Tr. 28, citing Tr. 469-70). The ALJ further points out that generally,

> Aside from some notation of tenderness throughout the spine, Dr. Mathew's objective findings have not been significantly abnormal.

(Tr. 28).

There is also much objective medical evidence supporting Dr. Mathew's opinion. Kopecky was in a motor vehicle accident on August 19, 2010. He was T-boned by a van. The claimant had a history of cervical strain years ago after another accident. (Tr. 285). An x-ray showed a mild compression deformity. (Tr. 276). The exam also showed mild degenerative disk disease. (Tr. 277). Later in August, a different doctor, Dr. Ahn, noted limited range of motion in extension and lateral flexion and that Kopecky had a slow stiff gait. (Tr. 290; see Tr. 383). Kopecky attended physical therapy in August, September and October. (Tr. 520-28, 533-38). By April 2011, Kopecky noted his physical therapy and oral medication helped but only temporarily and minimally. (Tr. 375). In April and May 2011, Kopecky was in physical therapy again in May 2011. (Tr. 566, 564). Physical therapy only minimally relieved symptoms. (Tr. 471). A May 2011 CT scan noted degenerative disk changes at C5-6 and C6-7, with probable bony intrusion into the left C5-6 neural foramina. (Tr. 584). On balance, the relatively

3

large medical record in this case supports Dr. Mathew at least as much as it is inconsistent with it, and then only in degree.

The ALJ placed much emphasis on strength testing and range of motion. As the Eight Circuit noted:

> The ALJ stated that, although Miller claims disabling pain in her back, neck and extremities, doctors have not observed either muscle wasting, muscle atrophy or decreased muscle strength. II AR at 252. We observe that, although muscle deterioration may result form disuse, disabling pain does not always result in muscle disuse. Therefore, the ALJ cannot discount Mileir's claim simply because she does not show an effect that other people suffering from disabling pain may show.

Miller v. Sullivan, 953 F.2d 417. 422-23 (8th Cir. 1992); Symens v. Colvin, No. CIV 13-3006- RAL. 2014 WL 843260. at *22 (D.S.D. Mar. 4, 2014).

Dr. Mathew's report from June 2011 does not demonstrate normal strength and range of motion, but limited lumber flexion, extension, and lateral flexion. (Tr. 469-70). An exam four days earlier showed significantly greater limitations — 90% of normal flexion, 60% of normal extension, and 3+/5 muscle strength. In addition, numerous other exams found a limited range of motion and strength. This all supports Dr. Mathew's assessment.

Next, the ALJ asserted:

> In contrast to this opinion, nowhere in his clinic notes does Dr. Mathew indicate that the claimant can sit, stand, or walk for only two hours in a day. (Tr. 28).

First and foremost, it is not enough that Dr. Mathew's treatment records do

4

not affirmatively support every aspect of his opinions; the treatment records must be affirmatively inconstant with his opinions. The Eighth Circuit has often said that "[a] treating doctor's silence on the claimant's work capacity does not constitute substantial evidence supporting [an] ALJ's functional capacity determination when the doctor was not asked to express an opinion on the matter and did not do so, particularly when that doctor did not discharge the claimant from treatment." Johnson v. Astrue, 628 F.3d 991, 995 (8th Cir. 2011); Pate-Fires v. Astrue, 564 F.3d 935, 943 (8th Cir.2009), and cases cited; Hutsell v. Massanari, 259 F.3d 707, 712 (8th Cir. 2001) (A treating doctor's silence on the claimant's work capacity does not constitute substantial evidence supporting an ALJ's functional capacity determination when the doctor was not asked to express an opinion on the matter); see Holmstrom v. Massanari, 270 .F.3d 715, 722 (8th Cir.2001).

Further, the ALJ found that the "objective findings have not been significantly abnormal." (Tr. 28) Dr. Mathew explicitly found Kopecky's impairments are reasonably consistent with his limitations. (Tr. 447). The ALJ was, in effect, substituting his judgment for the opinion of plaintiff's treating physician. The Court of Appeals has said many times that is error. See, e.g. Easter v. Bowen, 867 F.2d 1128, 1131 (8th Cir.1989); Bergquist v. Astrue, 818 F. Supp. 2d 1125. 1131-32 (S.D. Iowa 2011).

Lastly, the ALJ points to the fact that Dr. Mathew may have advocated for Kopecky because he did not receive enough money from the settlement of his accident claim. Dr. Mathew had specifically stated that Kopecky was not malingering. (Tr. 446). This is

speculation and is not enough, by itself, Pates-Fires v. Astrue, 564 F.3d 9325, 943 (8th Cir. 2009) (rejecting ALJ's speculation), or together with the previous factors, to warrant complete disregard of a treating physician's medical opinion. Shontos v. Barnhart, supra.

It is therefore

ORDERED

Reversed and remanded for further proceedings in accordance herewith.

March 23, 2015

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT